# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CAROLINE DISHON,**

      **Plaintiff,**

v.                                                   Case No: 6:23-cv-522-PGB-EJK

**UNITED STATES OF AMERICA
and DNC PARK & RESORTS AT
KSC, INC.,**

      **Defendants.**

_____/

## ORDER

This cause comes before the Court on Plaintiff Caroline Dishon's ("**Plaintiff**") Motion to Vacate Order of Dismissal (Doc. 49 (the "**Motion to Vacate**")).[1] Defendant United States of America ("**Defendant**") has not filed a response, and the time to do so has now passed. Upon consideration, the Motion is due to be granted.

## I.   BACKGROUND

Thus far, this case has been riddled with Plaintiff counsel's ("**Counsel**") failure to comply with the Court's Orders and the Local Rules.[2] Notably, the Court

---

[1] This is an amended filing, as the Court struck Plaintiff's initial motion to vacate for failure to comply with Local Rule 3.01(g). (Docs. 45, 48).

[2] The Court also highlights that there have been several improprieties throughout Counsel's filings. The Court encourages Counsel to pay closer attention to detail when drafting his filings before submitting it to the Court for consideration. Failure to do so will result in appropriate sanctions. For example, in the first paragraph of the Motion to Vacate, Counsel discusses a notice of pendency of other actions and a certificate of interested persons. (Doc. 49). Yet, the

has issued eight (8) Orders regarding Plaintiff's noncompliance and has denied four (4) of Plaintiff's motions for failure to comply with the Local Rules and the Court's Orders. (Docs. 7, 8, 9, 24, 31, 33, 35, 36, 40, 42, 44, 48).

With this background in mind, the Court turns to the procedural history of this case. Plaintiff initiated this action on March 21, 2023. (Doc. 1 (the "**Complaint**")). Shortly thereafter, on May 3, 2023, the Court dismissed this action without prejudice due to Plaintiff's failure to comply with the Court's Initial Order regarding case management and deadlines. (Doc. 9 (the "**First Dismissal Order**"); Doc. 6). Plaintiff thus filed a motion to vacate the First Dismissal Order, which the Court granted on the grounds of excusable neglect. (Doc. 13).

Ultimately, on May 1, 2024, the Court issued the Case Management and Scheduling Order (Doc. 29 (the "**CMSO**")).[3] Therein, the Court directed Plaintiff to "contact opposing counsel and the mediator to reserve a conference date and [to] file a Notice with the Court within 14 days of [the] Order advising of the date." (*Id.* at p. 3). On May 22, 2024, because Plaintiff failed to comply with the aforementioned deadline, the Court issued an Order directing Plaintiff to show cause. (Doc. 36 (the "**First OTSC**")). In response, Plaintiff provided February 12, 2024 as the mediation date. (Doc. 39). Considering February 12, 2024 had long passed, the Court issued an Order (Doc. 42 (the "**Second OTSC**")) directing

---

Motion to Vacate concerns an Order dismissing the case for failure to file a notice of mediation.

3   The deadlines imposed are based, in part, on the parties' requests in their jointly filed Case Management Report. (Doc. 26).

2

Plaintiff to advise the Court on the mediation date within three (3) days from the date of the Order. The Court notified Plaintiff that "[f]ailure to timely comply with [the Second OTSC] may result in dismissal of the case without further notice or other appropriate sanctions." (*Id.* at p. 2). Plaintiff failed to timely comply with the Second OTSC and consequently, the Court dismissed the case without prejudice. (Doc. 44 (the "**Second Dismissal Order**")). Now, Plaintiff moves this Court to vacate the Second Dismissal Order. (Doc. 49).

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from an order or judgment on various grounds. FED. R. CIV. P. 60(b).[4] Of particular importance here, Rule 60(b)(1) provides that courts may afford relief for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).

The determination of whether neglect is excusable "is at bottom an equitable one, taking [into] account [] relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Courts weigh the following pertinent factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the

---

[4]   The following circumstances raise possible grounds for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged." FED. R. CIV. P. 60(b)(1)–(5).

3

reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 392–93, 395.

### III. DISCUSSION

In support of the Motion to Vacate, Counsel relies on Federal Rule of Civil Procedure 60(b) for the premise that "a party is allowed relief from final judgment due to 'mistake, inadvertence, or excusable neglect.'" (Doc. 49, p. 3). Counsel thus asserts that his misunderstanding of the Court's endorsed order—composed of one (1) sentence—was an oversight attributable to excusable neglect. (*Id.* at p. 4).

In considering the relevant circumstances of Counsel's noncompliance delineated in Section I, *supra*, the Court applies each of the *Pioneer* factors in turn. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("The determination of what sorts of neglect will be considered "excusable" is an equitable one, taking account of all relevant circumstances."). First, as to prejudice to the opposing party, the Court finds that Counsel's delay in filing the notice of mediation does not prejudice Defendant. Second, regarding the length of delay and its potential impact on judicial proceedings, Counsel's delay impacts the judicial proceedings. Because of Counsel's repeated inability to comply with, *or even read*, the Court's Orders, the Court has needlessly expended its finite time and resources directing Counsel to submit information that is expected of all parties.[5] Third, the

---

5 (*See* Doc. 29, p. 1 ("All parties must thoroughly review the contents of this order, which shall govern all proceedings in this action, unless subsequently modified by written order for good cause shown.")).

reason for the delay: Counsel's proffered reason for the delay was that it misunderstood the "Court's Endorsed Order discharging one of the two Orders to Show Cause." (Doc. 49, p. 4).[6] However, this "reason" was within Counsel's control; at a minimum, all counsel are expected to read and understand the Court's docket. *Audalus v. Scottsdale Ins. Co.*, 566 F. Supp. 3d 1318, 1323 (S.D. Fla. 2021) (finding no excusable neglect where "the reason for the delay [was] counsel's carelessness and inattention to [the] case as opposed to an unexpected or unavoidable hindrance" (citing 49 C.J.S. Judgments §§ 556, 557)). Moreover, after several Court Orders directed at Counsel's noncompliance, Counsel should be well-versed in how this Court manages its docket. Finally, as to the fourth factor, the Court does not find that Counsel acted in bad faith.

Ultimately, Counsel's repeated pattern of noncompliance and the *Pioneer* factors weigh against a finding of excusable neglect. The Court, however, acknowledges that dismissal of the case forecloses Plaintiff's claims *with prejudice* as the statute of limitations has expired. To prevent such prejudice to Plaintiff, the Second Dismissal Order is hereby vacated. *See Chege v. Ga. Dep't of Juv. Just.*, 815 F. App'x 425, 427 (11th Cir. 2020) ("The aim of Rule 60(b) is to strike a balance 'between the desideratum of finality and the demands of justice.'" (citing *Seven*

---

[6]  The Court notes that the Endorsed Order at issue was one (1) sentence in length and specifically detailed which Order was discharged: "ENDORSED ORDER discharging [40] Order to show cause." (Doc. 43).

*Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)))[7]; *but see United States v. Davenport*, 668 F.3d 1316, 1325 (11th Cir. 2012) ("[B]oth the Supreme Court and this Court have emphasized that represented parties are not entitled to relief simply because they were penalized by the omissions of counsel." (internal citations omitted)).

This is the Court's *final* warning to Plaintiff's Counsel: any future noncompliance with the Local Rules or the Court's Orders *shall* result in the dismissal of this action.[8] *Watts v. Club Madonna, Inc.*, 784 F. App'x 684, 687—88 (11th Cir. 2019) ("[W]e stress the broad discretion district courts have in managing their cases . . . [and] ensur[ing] that their cases move to a reasonably timely and orderly conclusion." (internal citations and quotation marks omitted)); *see also Fla. Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1521 (11th Cir. 1996) (stating "[d]istrict courts have broad discretion under the Federal Rules of Civil Procedure to impose sanctions for failure to comply with court orders." (internal citation omitted)). If Counsel is incapable of properly proceeding before this Court, Counsel should consider transferring this case to another attorney.

---

[7] *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981); *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

[8] If Counsel fails to comply and the Court dismisses the case, the Court will not entertain a *third* motion to vacate. Nor will the Court accommodate Counsel's routine phone calls to the Clerk's Office regarding his noncompliance or pending motions. The Court is responsible for nearly six hundred (600) pending cases, and Counsel is not entitled to preferential treatment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate Order of Dismissal (Doc. 49) is **GRANTED**. The Clerk of Court is **DIRECTED** to vacate the Court's Order dismissing the case without prejudice (Doc. 44) and thereafter reopen the file. However, any further noncompliance by Plaintiff's counsel with the Court's Orders or the Local Rules shall result in the dismissal of this case and the imposition of sanctions.

**DONE AND ORDERED** in Orlando, Florida on July 12, 2024.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties